IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ARMANDO BECERRA VARGAS, | § | |
| | § | |
| *Petitioner-Plaintiff*, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-25-CV-1023-FB |
| | § | |
| PAMELA JO BONDI, United States Attorney General; KRISTI LYNN NOEM, Secretary of Homeland Security; TODD M. LYONS, Director, United States Immigration and Customs Enforcement; SYLVESTER ORTEGA, Field Office Director for Detention and Removal, U.S. Immigration and Customs Enforcement; and REYNALDO CASTRO, Warden, South Texas Detention Complex, | § § § § § § § § § § | |
| | § | |
| *Respondents-Defendants*. | § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Report and Recommendation of United States Magistrate Judge filed on November 12, 2025 (docket #18) and Respondents' Objections to the Report and Recommendation filed on November 19, 2025 (docket #20).

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of them. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).

On the other hand, any Report or Recommendation to which there are objections requires de novo review by the Court. Such a review means that the Court will examine the entire record, and will

make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

In the Report, Magistrate Judge Bemporad recommends that Petitioner's Petition for Habeas Corpus (docket entry no. 1) be GRANTED IN PART, and that Respondents be ORDERED to release Petitioner from their custody, but that Petitioner's request for attorney's fees be DENIED. It is further recommended to the Court that Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (docket entry no. 10) be DISMISSED AS MOOT citing *Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950096, at *5 (S.D. Tex. Oct. 3, 2025) and *Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *4 (S.D. Tex. Oct. 7, 2025). In their objections, Respondents reurge their arguments asking this Court to follow the minority of courts which have ruled in their favor instead of the overwhelming number of decisions to the contrary. The Court declines to do so at this time.

The Court has reviewed the objections filed by the Respondents and has conducted a de novo review of the Magistrate Judge's Report and Recommendation and finds the objections should be overruled. The Court hereby accepts, approves, and adopts the factual findings and legal conclusions by the United States Magistrate Judge contained in the Report and Recommendation (docket #18). The Report and Recommendation of the United States Magistrate Judge shall be accepted pursuant to 28 U.S.C. § 636(b)(1) such that: (1) Petitioner's Petition for Habeas Corpus (docket entry no. 1) shall be GRANTED IN PART and Respondents shall be ORDERED to release Petitioner from their custody; (2) Petitioner's request for attorney's fees shall be DENIED; and (3) Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (docket entry no. 10) shall be DISMISSED AS MOOT.

Accordingly, it is hereby ORDERED that the Report and Recommendations of the United States Magistrate Judge, filed in this case on November 12, 2025 (docket #18) is ACCEPTED such that: (1) Petitioner's Petition for Habeas Corpus (docket entry no. 1) is GRANTED IN PART and Respondents are ORDERED to release Petitioner from their custody[1]; (2) Petitioner's request for attorney's fees is DENIED; and (3) Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (docket entry no. 10) is DISMISSED AS MOOT.

IT IS FURTHER ORDERED that motions pending, if any, are DISMISSED AS MOOT, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 26th day of November, 2025.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE

---

[1] As set forth in the Report and Recommendation at pages 9-10, at the hearing held before Magistrate Judge Bemporad:

> Respondents argued that the appropriate relief, if [] [the] petition is granted, would be to order Petitioner's immediate release, rather than order an immigration judge to hold [a] hearing. As counsel for Respondents explained, if this Court ordered a hearing, it would require the immigration judge to do that which, in light of BIA precedent, the judge would not believe he had any authority to do. *See Matter of Yajure-Hurtado*, 29 I&N Dec. at 229 ("The Immigration Judge . . . lacked authority to hear the respondent's request for a bond as the respondent is an applicant for admission and is subject to mandatory detention under . . . § 1225(b)(2)(A)."). Petitioner did not object to Respondents' request, agreeing that immediate release would be appropriate. In light of positions stated by the parties at the hearing, the Court should simply order Petitioner's release if it grants the writ.